**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

———————

**No. 05-5104**

———————

UNITED STATES OF AMERICA,

                               Plaintiff - Appellee,

        versus

RONALD DELANEY BANKS, a/k/a Floyd Banks, a/k/a
Jerry J. Banks, a/k/a Ronald Dleian Banks,
a/k/a Ronald H. Banks, a/k/a Ronald Harlain
Banks, a/k/a Delaney Banks, a/k/a King,

                               Defendant - Appellant.

———————

Appeal from the United States District Court for the Eastern District of Virginia, at Alexandria. Leonie M. Brinkema, District Judge. (CR-05-218)

———————

Submitted: June 14, 2006             Decided: July 6, 2006

———————

Before WILLIAMS, MOTZ, and TRAXLER, Circuit Judges.

———————

Affirmed by unpublished per curiam opinion.

———————

Michael S. Nachmanoff, Acting Federal Public Defender, Nia Ayanna Vidal, Assistant Federal Public Defender, Alexandria, Virginia, for Appellant. Chuck Rosenberg, United States Attorney, Patrick F. Stokes, Assistant United States Attorney, Alexandria, Virginia, for Appellee.

———————

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

PER CURIAM:

Ronald Delaney Banks was convicted for armed bank robbery, using a firearm during the robbery, and possession of a firearm by a convicted felon. On appeal, he challenges the denial of his motion to suppress the evidence seized from his car after he was arrested. We affirm.

The following evidence was presented at the suppression hearing: At 9:55 a.m. on April 5, 2005, a BB&T bank branch in Arlington, Virginia, was robbed at gunpoint. The Arlington County Police Department issued a radio broadcast alert to its officers at 9:56 that two black men, one much older than the other and in his sixties or seventies, had committed the robbery. The alert also stated that one of the robbers was in dark clothing and that a gun had been made visible during the robbery. Corporal Luke Hagloff,[1] an Arlington police officer, was patrolling near the bank, and he quickly set up surveillance at the 15th Street on-ramp to Route 1, which leads to the 14th Street Bridge and Washington, D.C. This position was approximately one-half mile from the BB&T Bank. While the alert did not state that the robbers fled by car, Hagloff knew from his experience that people who commit bank robberies in this area often flee into Washington via the 14th Street Bridge.[2]

---

[1]In the record, the Officer is referred to both as "Haglof" and "Hagloff".

[2]Hagloff also surmised that, because one person was significantly older, the robbers would likely flee by car.

From his surveillance position, Hagloff noticed Banks' car at 10:00, because (1) there was no front license plate, which could be a traffic violation;[3] (2) there were two black males in the car that appeared to have the age differential announced in the broadcast message and at least one of them was in dark clothing; (3) both men studiously avoided looking at the officer as they drove past him; and (4) the officer saw that the car had a fraudulent Maryland temporary license plate affixed to the rear of the car, and Hagloff knew that criminals often use fake tags on getaway cars. Hagloff followed the vehicle, turned on his lights and siren, and the defendant failed to immediately stop his car. Hagloff and Officers Pilco and Martin, who arrived on the scene, stopped the car and approached it with guns drawn. Hagloff ordered Banks out of the car, whereupon he was handcuffed and frisked. During the frisk, the officers recovered a loaded gun, and Banks was placed under arrest. The subsequent search of the car yielded clothing matching the description of the robbers' clothing, as well as the exact amount of money taken from the bank and a dye pack.

Legal conclusions underlying the denial of a motion to suppress are reviewed de novo, while factual findings are reviewed for clear error. United States v. Perkins, 363 F.3d 317, 320 (4th Cir. 2004), cert. denied, 543 U.S. 1056 (2005). "An officer may,

---

[3]The parties agree that, while each of the surrounding jurisdictions require permanent front tags, Maryland does not issue front temporary tags.

consistent with the Fourth Amendment, conduct a brief, investigatory stop when the officer has a reasonable, articulable suspicion that criminal activity is afoot." <u>Illinois v. Wardlow</u>, 528 U.S. 119, 123 (2000); <u>Terry v. Ohio</u>, 392 U.S. 1, 30 (1968). To conduct a <u>Terry</u> stop, there must be "at least minimal level of objective justification for making the stop." <u>Wardlow</u>, 528 U.S. at 123. Reasonable suspicion requires more than a hunch, but less than probable cause and may be based on the collective knowledge of officers involved in an investigation. <u>Id.</u> at 123-24; <u>see also</u> <u>United States v. Hensley</u>, 469 U.S. 221, 232 (1985). In assessing police conduct in a <u>Terry</u> stop, courts must look to the totality of the circumstances. <u>United States v. Sokolow</u>, 490 U.S. 1, 8 (1989).

Officers conducting a lawful <u>Terry</u> stop may take steps reasonably necessary to protect their personal safety, check for identification, and maintain the status quo. <u>Hensley</u>, 469 U.S. at 229, 235; <u>see also</u> <u>United States v. Moore</u>, 817 F.2d 1105, 1108 (4th Cir. 1987) (brief but complete restriction of liberty is valid under <u>Terry</u>). Once a vehicle is properly stopped, officers are permitted to remove passengers from the vehicle. <u>Maryland v. Wilson</u>, 519 U.S. 408, 415 (1997). In addition, a police officer may conduct a pat-down search of an individual stopped in a <u>Terry</u> situation if he has a reasonable, articulable suspicion that the person is involved in illegal activity and is armed. <u>United States v. Raymond</u>, 152 F.3d 309, 312 (4th Cir. 1998). The standard

- 4 -

justifying such a pat-down search is not onerous.  United States v.
Swann, 149 F.3d 271, 274 (4th Cir. 1998).

After a careful review of the record, we find that
Hagloff had reasonable suspicion sufficient to conduct a Terry
stop.  Further, because Hagloff had a reasonable suspicion that the
occupants of the car were involved in an armed robbery, the
officers were justified in drawing their weapons, removing Banks
from the car, and handcuffing and frisking him.  It is undisputed
that, once the officers recovered a gun from Banks, there was
probable cause to arrest him.[4]

Accordingly, because the stop and brief restraint of
Banks were proper under Terry, we affirm.  We dispense with oral
argument because the facts and legal contentions are adequately
presented in the materials before the court and argument would not
aid the decisional process.

AFFIRMED

---

[4]Banks also appears to challenge the district court's finding
that Hagloff observed what he testified that he observed.  The
court's conclusions were not clearly erroneous.